In the Matter of BRIAN A. SHERIDAN (Admitted as BRIAN ARTHUR SHERIDAN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 17, 1987

## APPEARANCES OF COUNSEL

*Kim D. Ringler* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*Brian A. Sheridan,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

Petitioner Departmental Disciplinary Committee seeks an order, pursuant to 22 NYCRR 603.4 (d), confirming the findings of fact and conclusions of law of the Hearing Panel and striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (2).

Respondent was admitted to practice as an attorney and counselor-at-law by the Third Judicial Department on February 19, 1974. At all times pertinent to the misconduct set forth in the charges, he maintained an office for the practice of law within the First Judicial Department.

Respondent was served with a notice and statement of charges and served an answer. A Hearing Panel convened to hear the charges, but respondent failed to appear although he concedes that he had actual notice of the hearing.

Although a default was entered against respondent, the Hearing Panel heard testimony from four witnesses and received documentary evidence pertaining to charges 1 through 8, 12 and 16.

Among the charges which were sustained by the Hearing Panel of the Departmental Disciplinary Committee was that respondent permitted the balance in an escrow account to fall below zero; that he failed to deliver funds to clients; failed to notify clients of receipt of funds; misrepresented to clients amounts received; and that he maintained an escrow account to which his wife, although not a member of the Bar, was a cosignatory.

Based upon the evidence before the Hearing Panel, which clearly support the charges against him, respondent's guilt was clearly established of professional misconduct. Accordingly, the petition should be granted, the findings of fact and conclusions of law of the Hearing Panel confirmed and respondent's name stricken from the roll of attorneys and counselors-at-law. (Matter of London, 34 AD2d 322.)

Respondent's application to dismiss the petition and for related relief is denied in its entirety.

KUPFERMAN, J. P., ROSS, ROSENBERGER, ELLERIN and WALLACH, JJ., concur.

Respondent is disbarred from practice as an attorney and counselor-at-law in the State of New York, effective March 17, 1987, and respondent's motion to dismiss the petition and for other relief, denied.